### J. L. FLETCHER *v.* P. J. GILLAN.

1. LIMITATION OF ACTIONS.  *Acknowledgment and new promise.   Case in judgment.*
   In an action upon an open account, the statute of limitations having been
   pleaded, the plaintiff set up in reply an acknowledgment of the debt and a
   new promise, in writing, and in support of his replication introduced in evi-
   dence two letters written to him by the defendant.   In one the writer said :
   "After hands are paid, appropriate balance due on my account to yourself ;"
   and in the other this language was used : "I would like to come there and
   do your work, so I could pay you what I owe you."   *Held,* that these expres-
   sions do not contain such an acknowledgment of the debt or new promise to
   pay, as is required, to avoid our statute of limitations, there being neither a
   specification of the debt referred to nor a promise to pay any fixed amount.

2. APPLICATION OF PAYMENT.  *How made by law.   Open account.   Statute of
   limitations.*
   Where a payment made upon an open account is not dated nor otherwise ap-
   plied by either party, the law applies it to the first items of the account,
   even though such items be barred by the statute of limitations, and the later
   items be not barred.

APPEAL from the Circuit Court of Lauderdale County.
HON. S. H. TERRAL, Judge.

The case is stated in the opinion of the court.

*F. V. Brahan,* for the appellant.

1. It is only necessary under § 2688, Revised Code of 1880, in order to repel the statute of limitations that an acknowledgment of the debt be made in writing by the party chargeable therewith.

In addition to the code I submit the following authorities:

Angell on Limitations, p. 218 *et seq.;* 41 Miss. 71; 35 Miss. 192; 55 Miss. 152; 56 Miss. 18; *Hart* v. *Boyt,* 54 Miss. 547; American Decisions, vol. 8, p. 163; Ib. 10, 571; Ib. 12, 173, 687; American Reports, vol. 6, p. 752; Ib. 24, 460.

2. The court erred in not entering judgment for the plaintiff for the goods purchased within three years before the commencement of the action, and in appropriating the credit to the extinguishment of that amount.

It is not contended that the debtor at the time of the payment of the amount credited on the account, directed how it should be applied, and the creditor had a right to apply it to his benefit. *Simeon Crisler* v. *C. C. McCoy, Admr.,* 4th George 445 (33d Miss.).

*W. N. King,* on the same side.

1. An acknowledgment in writing is sufficient to take a case out of the operation of the statute of limitations. Revised Code Miss., § 2688. The defendant does not say how much he owes but "acknowledgments to take a case out of the statute of limitations need not refer to the amount of the debt, but there must be no uncertainty in it as to the debt referred to." American Decisions, 53, *Davis* v. *Steiner,* 547. In *Whitney* v. *Biglow,* 4 Pick. (Mass.) 410, it is held "that a general acknowledgment of being indebted to plaintiff is sufficient *prima facie* to take the demand in suit out of the statute of limitations; that the onus lies on the defendant to show that he had reference to a different demand. See also *Bayley* v. *Crane,* 21 Pick. (Mass.) 323.

2. The court erred in appropriating the credit of the account sued on.

The law applies unapplied payments to oldest charge or item of an account. American Decisions, vol. 38, 291; Ib. 39, 597.

*Grace & Woods,* for the appellee.

We do no think the appellee's letters contain a sufficient acknowledgment of the debt sued on, under the statute. In *Eckford* v. *Evans,* 56 Miss. 25, the law is laid down as correctly construed on this subject in *Trustees of Canton Female Academy* v. *J. J. Gilman,* 55 Miss. 148, which says that the writing, to have the effect of a new promise, or of a waiver of the statute, must *identify* the debt to which it relates, with such definiteness as to the amount due and the creditor that *nothing important is left* open to *further testimony.*

In *Hart* v. *Boyt,* 54 Miss. 550, " the writing indorsed on the mortgage was for the very purpose of waiving the statute. Not so in this case, for it can only be inferred that the account sued on is the one spoken of in Mr. Gillan's letters, and to hold this an acknowledgment would be, we think, contrary to the holdings in 30 Miss. 171; 32 Miss. 237; 54 Miss. 550; 55 Miss. 148; 56 Miss. 18–25; 11 Minor's Institutes 551 ; *Bell* v. *Morrison,* 1 Pet. 351; *Hyletts* v. *Robinson,* 9 Leigh. 45 ; *Sutton* v. *Burruss,* 9 Leigh. 381 ; *Bell* v. *Crawford,* 8 Grat. 123 ; *Tazewell* v. *Whittle,* 13 Grat. 329, 348.

There is on the account a credit of fifteen dollars. This credit is made after all the items are put down. It is without date, and the natural inference is ·that this payment was made to liquidate that part of the claim most burdensome to the debtor. The debtor had made no appropriation of the sum of money paid, the creditor failed to do so, and according to the rulings of the civil law, which our State has followed, the law will apply the payment in that manner which will best serve the debtor. In obedience to this principle the court applied the credit to extinguish the seven dollars not barred by statute. 45 Miss. 355 ; 48 Miss. 175 ; 49 Miss. 386 ; 50 Miss. 175; 52 Miss. 164; 56 Miss. 338, 340.

CHALMERS, J., delivered the opinion of the court.

The suit was upon an open account, to which a plea of the statute of limitations was interposed. The plaintiff replied a promise in writing within three years, and to support the replication introduced two letters from the defendant. In one of these he said,

"After hands are paid appropriate balance due on my account to yourself." In the other he said, "I would like to come there and do your work, so I could pay you what I owe you." It is insisted that this amounted to an acknowledgment of the debt, as well as a promise to pay it.

This contention cannot be maintained. There is neither a specification of the debt referred to, nor any promise to pay a fixed amount, both of which are necessary to support a new promise. The court correctly held that there was nothing to take the debt out of the statute of limitations, but a small part of the items composing it were bought less than three years before the commencement of the suit. There was a small credit indorsed on the account, larger in amount than these items, and this credit the court applied to the items not barred, or, in other words, to the last items of the account, thus extinguishing the whole of it.

This was erroneous. The credit was not dated, and there was no parol proof in the case, nor is there anything to denote any appropriation of the credit by either party. Where a payment is made upon an account without any application of it, the law applies it to the first items in the account. Here, therefore, in the absence of any proof, the credit should have been applied to the first items of the account, and this would have left the last items unbarred and unpaid. The plaintiff therefore was entitled to a judgment for the small sum of about eight dollars unbarred at the commencement of the suit.

*Reversed and remanded.*