DUFFEY · v. KILROE.

[76 South. 681, Division A.]

1. EQUITY. *Amendment of bill. Exhibits.*
   Even though a copy of a probated account sued on should have been filed with and as an exhibit to the bill, still it was not error for the court to allow the bill to be so amended as to refer to the account which was then on file as an exhibit thereto.

2. EXECUTORS AND ADMINISTRATORS. *Presentation of claim. Itemized account.*
   Under Code 1906, section 2106, requiring an itemized account in probating a claim against the estate of a decedent, it is not necessary that a doctor's claim for visits to decedent should show the days of the month of such visits but where the visits are grouped on the account by months, the due date of each item will be held to be the first day of the month in which it is charged, in applying the statute of limitations.

3. PAYMENTS. *Application.*
   Payments made upon an open account should be applied to the oldest items on the account, where neither party makes an application to any particular item.

4. LIMITATION OF ACTIONS. *Effect of administration. Claims.*
   Under Code 1906, section 3113, so providing, a debt not barred by limitation at the death of the debtor remains alive in any event for at least one year after the death of the debtor.

5. LIMITATION OF ACTIONS. *Effect of administration. Claims.*
   Under Code 1906, section 2110, so providing the proper probation and registering of claims against the estate of a decedent, stops the general statute of limitations against it.

6. LIMITATIONS OF ACTIONS. *Effect of administration. Claims.*
   Code 1906, section 3105, providing that action may not be brought against an executor or administrator on a judgment or other cause of action against deceased, but within four years after the qualification of an executor or administrator is the only statute of limitations applicable after a claim not then barred by a general statute has been registered and probated.

APPEAL from the chancery court of Adams county. HON. R. W· CUTRER, Chancellor.

Suit by Dr. E. P. Kilroe against Frank I. Duffy, administrator. From the decree, both parties appeal. The facts are fully stated in the opinion of the court.

*Ratcliff & Kennedy,* for appellant.

*Reed, Brandon & Bowman,* for appellee.

SMITH, C. J. delivered the opinion of the court.

Mrs. Frances M. Botto, now deceased, was a woman of wealth, whose home was at Natchez, Miss., but who spent several of the later years of her life in the city of New York, during which time she was suffering from a disease because of which she demanded and received the daily professional services of appellee, a physician. The services rendered by appellee continued over a period of several years, and Mrs. Botto would make him

payments thereon at intervals, which payments were credited by appellee upon his books to Mrs. Botto generally, neither she nor he applying them to any particular items .of the account due him by her. Mrs. Botto died on the 15th day of May, 1914. On the 19th day of the same month appellant was appointed administrator of her estate; and on January 16, 1915, appellee's account for the professional services rendered by him to Mrs. Botto was duly probated, registered and allowed. The administrator declining to pay the same, this suit was instituted by appellee on the 16th day of June, 1915, which, in due course, resulted in a decree for appellee for about half of the sum sued for; the court holding that the remainder of the account was barred by the three-year statute of limitation. From this decree the administrator prosecutes a direct and Dr. Kilroe a cross appeal.

So much of the account probated as is necessary to understand the objection thereto made by appellant is as follows:

Mrs. Frances M. Botto to Dr. Edward P. Kilroe, Dr.
To professional medical services rendered to
   said Mrs. Frances M. Botto by Dr. Edward
   P. Kilroe at her special instance and request
   ...................................... $31,684.00
Credits .................................. 20,085.00

    Balance   due...........................$11,599.00

Itemized Statement of Account.

| 1908. | Day Visits, $5.00. | Night Visits, $10.00 | |
|---|---|---|---|
| April. | 63 visits at $ 5.00........ $315.00 | | |
| | 4 " " $10.00........ 40.00 | | |
| | | | $355.00 |
| May. | 63 visits at $ 5.00........ $315.00 | | |
| | 2 " " $10.00........ 20.00 | | |
| | | | 335.00 |

| | | |
|---|---|---|
| June. | 59 visits at $ 5.00........$295.00 | |
| | 6 " " $10.00........ 60.00 | |
| | | 355.00 |
| July. | 46 visits at $ 5.00........ $230.00 | |
| | 7 " " $10.00........ 70.00 | |
| | | 300.00 |
| August | 5 visits at $ 5.00........$ 25.00 | |
| | 1 " " $10.00........ 10.00 | |
| | | 35.00 |
| September. | 62 " " $ 5.00........$310.00 | |
| | 7 " " $10.00........ 70.00 | |
| | | 380.00 |

The remainder of the account is in the same form. The bill as originally filed contained the following allegation:

"The said account being for professional services rendered the said Mrs. Botto as will more fully appear by reference to the itemized account probated aforesaid, and which will be exhibited at the hearing of this cause, and complainant shows that said claim has been duly probated and registered, as will appear by reference to the register of claims, page 115, in the chancery clerk's office of said county," etc.

The account was not filed with the chancery clerk at the time the bill was, but during the progress of the trial it was filed with and so indorsed by him. Upon objection being made by counsel for appellant that the account had not been made an exhibit to the bill, the court below permitted an amendment to be made thereto at the close of the extract from the bill hereinbefore set forth, as follows: "And filed herewith as exhibit hereto."

On the direct appeal the only assignment of error argued by counsel for appellant is that:

"The court erred in admitting the probate account, it not being itemized as required by law, and it not having been filed with the bill of complaint as required by law."

This assignment of error presents two questions, in neither of which is there any merit.

Conceding, for the sake of the argument, that a copy of the account sued on should have been filed with and as an exhibit to the bill, the court committed no error in allowing the bill to be so amended as to refer to the account which was then on file as an exhibit thereto.

The objection that the account is not sufficiently itemized to comply with section 2106, Code of 1906, Hemmingway's Code, section 1774, is that the dates of appellee's visits to Mrs. Botto are not set forth. It is not necessary for the account to be so minutely itemized in order for appellee to recover (18 Cyc. 480; *Lehman* v. *Powe,* 95 Miss. 455, 49 So. 622), but because of appellee's failure to so itemize it, construing, as we must, the account most strongly against him, the due date of each item thereof must be held to be the first day of the month in which it is charged, and the statute of limitation must be applied accordingly.

The payments made to appellee by Mrs. Botto should have been applied to the oldest items of the account (*Fletcher* v. *Gillan,* 62 Miss. 8), and had this been done appellee and cross-appellant would have been entitled to a decree for the full amount claimed by him; for under the facts here presented the statute of limitation ceased to run against the account at, and did not again commence so to do after, Mrs. Botto's death, and the payments made by her covered all of appellee's charges for services rendered three or more years prior thereto Under section 3113, Code of 1906 (Hemmingway's Code, section 2477), a debt not barred by limitation at the death of the debtor remains alive, in any event, for at least one year after the death of the debtor (*Clayton* v. *Merrett,* 52 Miss. 353; *Cook* v. *Reynolds,* 58 Miss. 243, and *Klaus* v. *Moore,* 77 Miss. 701, 27 So. 612), so that on the death of Mrs. Botto the general statutes of limitation ceased to run against appellee's account, and did not again begin so to do, for the reason that within one

year thereafter it was probated and registered as required by law. Section 2110, Code of 1906 (Hemmingway's Code, section 1778). After a claim not then barred by one of the general statutes of limitation has been probated and registered, the only statute of limitation which thereafter runs against it is section 3105, Code of 1906 (Hemmingway's Code, section 2469).

On the direct appeal the decree of the court below would be affirmed, but on the cross-appeal it must be reversed, and a decree will be rendered here for the cross-appellant for the amount sued for.

*Affirmed and reversed.*