## FINLEY v. ARMSTRONG.

[78 South. 177, Division B.]

1. EVIDENCE. *Cash items. Books as evidence.*

Cash items entered in the regular course of business are properly chargeable upon the books of accounts and such books are evidence to establish such charges made in the regular course of business.

2. WITNESSES. *Refreshing memory. Books of account.*

A bookkeeper testifying as to the correctness of an account has the right to look at the items on his books and if after doing so he can state from memory what the items consisted of, and what was the agreed price, or fair market price, he shall be permitted to do so.

3. EVIDENCE. *Proof of cash items.*

In establishing the correctness of an account, it is competent to prove the cash items thereon by witnesses independently of the books, and of the way in which they appeared on the account.

4. PLEADING. *Amendment. Account.*

Where in a suit upon an open account some of the items embraced in the account had the name and quantity of the article charged, but not the price at which it was sold, the plaintiff should have been permitted to amend by inserting the amount.

5. EVIDENCE. *Account.*

Where in a suit upon open account the cash items paid for defendant to laborers, were charged under the name of the laborers in a gross sum, plaintiff should be allowed to introduce itemized accounts and to prove by independent evidence that such items were paid at defendant's request.

Appeal from the circuit court of Leflore county.
HON. FRANK E. EVERETT, Judge.

Suit by C. C. Finley, administrator, against Lee Armstrong. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

117 Miss.—19

*Pollard & Hammer,* for appellant.

There were numerous objections urged throughout the trial to the evidence offered and proposed to be offered by the plaintiff, which objections were addressed to the several items shown in the account, each of which items recurred at numerous times in the statement of account, but which may be discussed under two heads: First, the item men's account or Armstrong's men's account, including Wilkie account, Statten account, etc.; second, cash items.

The item men's account or Armstrong's men's account appears on the statement and on the books of original entry at the end of each month or at the end of such other period as represented settlement dates between the plaintiff and defendant. The entry on page, one appears between the two dates August 13th and August 14th. The reasonable presumption is that the charge was made on one or the other of those dates. These amounts were charged into the account against defendant in a lump sum under his specific direction on such dates, and an itemized statement aggregating the amounts so charged was furnished to the defendant at such time by the plaintiff or his bookkeeper, Charley Johnson. Plaintiff offered to prove this by the bookkeeper and the evidence was excluded. The testimony showed that Armstrong was a logging man, had a number of men working for him as timber cutters and haulers; that they went to the commissary store of Finley and obtained such supplies and goods, wares and merchandise as they might need from time to time, and on settlement dates, or at designated and specific times, Armstrong was furnished with an itemized list of what his men had gotten and the total sum was charged into Armstrong's personal account. On objection the court excluded this evidence; plaintiff then offered to prove from the books of original entry these different items. Objection was made and

sustained on the part of defendant.  Plaintiff then moved the court to be permitted to amend the exhibit and attach thereto a statement showing the various items composing these lump sums.  This motion was overruled, and all of the various sums charged into the account as men's account or Armstrong's men's account were excluded by the court.

We submit that the amendment should have been allowed, as amendments are liberally allowed.  Section 775, Code of 1906, and cases cited.  "A bill of particulars and an account may be amended after motion to quash.  *Bloom* v. *McGrath,* 53 Miss. 249.  In the case of *Greenwood Grocery Co.* v. *Bennett,* 101 Miss. 583; *Brace* v. *Floyd,* 104 Miss. 623, and *Kelly* v. *Casualty Co.,* 87 Miss. 440."  Amendments are allowed except when party has actually been misled to his prejudice.  1 Encyclopedia, Pleading & Practice, 577-78.  *McClure* v. *Byrd,* 2 Over. (Tenn.) 21.

Plaintiff offered to prove the payment of certain sums in cash, which cash entries were made on the books of original entry by the bookkeeper who was prepared to testify and offered to testify to the correctness of such entries, but no testimony was permitted because no dates were actually shown on which the cash was advanced.  It is true that no date appeared immediately in front of the entries containing the cash advances but as stated, the entries were made at regular intervals on the books of original entry, the first entries being entries made on August 13th and August 14th, 1915, the second entries being made between the two dates shown as October 9, 1915.  The purpose of an itemized account is to give the defendant information as to the items for which he is being sued.  The object of requiring dates is to give him his information specifically to keep him from being surprised on a trial as to the nature and amount of the demand against him.  If the court cannot say that the defendant would have

been misled by these cash charges, then evidence as to the payments of cash should have been admitted.

We submit that if the rule of law adopted by the trial court should be enforced, that suits in at least fifty per cent of the debts honestly due in Mississippi on open accounts could be defeated by the debtor as only highly expert bookkeepers could keep accounts against debtors in such way as to meet the technical rulings made on the evidence in this case. This was a lumber camp in which the books were kept. The defendant was working a crew of timber cutters and haulers; the plaintiff owned the timber and a commissary in the woods. Certainly more or less rough methods of accounting must have been used, by the parties.

We submit further that the objection to the account sued on should have been taken by a motion for bill of particulars or by a motion to strike the items mentioned from the account before the trial was ever begun.

We respectfully submit that this cause should be reversed and remanded.

*Gardner, Mabee & Gardner,* for appellee.

The court admitted all the evidence, that is, permitted the witness to read the books. The plaintiff moved the court, "to be allowed to insert in the declaration after each article, where quantity is given and the price omitted, the price of the quantity thus charged with the price given. This motion was overruled by the court for the reason that the book entries exhibited to the court do not show the prices charged for the items."

Thus we see that the entire evidence on these items, which the court had before it and because of which it excluded these items, was contained in the books of account read in evidence.

It was the exclusion of this testimony to begin with that caused plaintiff to move to amend. The lower court had these books before it and made its rulings

on the strength of what appeared in these books and
the judgment in this case is founded upon what was
shown by the books. Since the books are not a part of
this record their materiality cannot be known, and this
court cannot tell from this record whether this evi-
dence should have been excluded or not. We submit
that the rule in our state is that when the record does
not contain all the evidence the case will not be re-
versed. "If evidence be rejected it must be set out,
so that its materiality may be known." *Ferriday* v.
*Selser,* 4 H. 506; *Townsend* v. *Blewett,* 5 H. 503; *Oui-
lette* v. *Davis,* 69 Miss. 762, 12 So. 27.

The term "amendment" as applied to pleadings has
been defined as the correction of some error or mistake
in a pleading already before the court. 31 Cyc. 360. "In
order to promote justice, courts in the exercise of
their general common-law jurisdiction, in the absence
of a prohibitory statute and independent of an express
statutory authority, may, in their discretion permit
pleadings to be amended." 31 Cyc. 360. The rule
with reference to amendments in our state is not based
upon common law, however, but is statutory.

We have no quarrel with the authorities cited in
counsel's brief as to amendments. All these authorities
are based upon section 775, of the Mississippi Code of
1906. By its terms amendments are to be made, "so as to
bring the merits of the controversy between the parties
fairly to trial." Section 775, Miss. Code 1906.

In the citations in counsel's brief of the case of
*Greenwood Grocery Co.* v. *Bennett,* 101 Miss. 573, this
language is used: "Courts of law are organized for
the purpose of trying causes upon their merits."

We submit it is never error to sustain or to overrule
a motion to amend when nothing more appears in the
record. It must appear that the merits of the case are
not brought fairly to trial. The motion to amend and
the ruling upon it merely are not sufficient, the court

below must view the application in the light of the merits of the case as the same appear to it.

This court must necessarily have such "merits" before it before it can determine whether the amendment has been properly refused. The word merits in law means, "The intrinsic rights and wrongs of a case as determined by the matters of substance in distinction from matters of form." Webster's International Dictionary.

Now, we submit that in order for the rights of the parties to this case to be determined by matters of substance, the judicial mind must be directed to the "matters of substance" that is, to all the facts.

These do not appear of record and, therefore, this case must be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

C. C. Finley, administrator for C. D. Finley, deceased, sued out an attachment in the circuit court of Leflore county against Lee Armstrong, the appellee, alleging that Armstrong was indebted to C. C. Finley in the sum of one thousand two hundred and thirteen dollars and one cent. To the declaration was attached a statement of account, bearing numerous items and covering several pages of the record, showing a total of seven thousand six hundred and eighty-four dollars and sixty-four cents, which was credited with the gross sum of six thousand four hundred and seventy-one dollars and sixty-three cents. The defendant in attachment pleaded the general issue and filed an offset, alleging that the plaintiff was due money to the defendant, filing an itemized account with the plea of offset. The defendant also filed a motion to require the plaintiff to furnish a more particular account than the one sued on, in order that he may prepare his defense, alleging in said motion:

"That said account is unintelligible in this, that the credits thereon are not itemized, and it is impossible

for him to tell just what he is credited with; that he was entitled to credits each week; and that these credits should be itemized in order that he may properly defend this suit."

The whole account appended to the plaintiff's declaration is badly itemized, but the motion to make specific did not point out the defects in the account itself, but particularly called attention to defects in the credits, which were credited as a total sum. The plaintiff itemized the credits as required, and the cause went to trial. The transactions occurred partially in the life of C. D. Finley and partially during the abministration of his estate by the appellant. The appellant in the court below moved to amend the affidavit and proceedings so as to show that the debt was due to the estate of C. D. Finley and to him as administrator, and not individually, which motion was allowed. The books of C. D. Finley and of the administrator after his death, with reference to the business of C. D. Finley, were introduced in evidence, and the books were objected to because the accounts shown therein were not particularly itemized as to very many of the items. As an instance of the way items were charged, on July 19, 1915, there were charges as follows:

"Meat 10½ lbs. tomatoes 1.20 2 sacks flour 130 hominy .50 cabbage .30 14 lbs. meal beans $2.10 sugar .90 pepper .10 salt .05 oats 2 sacks oats 12 sacks.... $51.89."

And on the 20th: "Potatoes 35 lbs. hay $6.00......$7.05." As the various items in the account attached to the declaration, and in the books introduced, were charged on the books in this imperfect way, it is contended that the account was insufficient to support a suit. As the books were produced and offered in evidence, the various items were objected to by the defendant. In some instances the objections were sustained, and in some instances the ruling of the court was reserved. At the conclusion of plaintiff's evidence

the defendant moved the court to exclude the following items:

"July 18th, 1915, 13 lbs. of meat; next, same date, one sack of oats; next, July 19th, meat 10½ lbs. and oats two sacks and 12 sacks and 14 lbs. of meal, the difference being $44.64; and August 5th, hay $20; on August 10th, hay 1900 lbs., no amount; cash, $5.50; cash $25.00; cash $700; cash $57.20 and cash $19.35; August 28th, hay $22. Now, all from August 28th to September 10th, inasmuch as the bookkeeper testified he did not keep the books during that time, but was absent and knew nothing about the transactions; defendant also moves to exclude the item, use of wagon $5.50; man account, $7.95 and automobile hire $6; 15 bushels of corn $11.25; on the 23d of Sept. meat, $4.40; flour, $2.60; oats $36; hay $37; corn $5.40; corn $40.50; corn $58.50; on Oct. 9th Armstrong's man account, $46.10; cash by C. Johnson, $24.95; J. C. Statten account, $74.85; Jones account, -1:89; Townes, $38.74; Wilkie, $2.80; Nov. 9th, meat $10.95; Pork $5.10; lard $1.20; $5.30; lard $1.50; corn $3.60; corn $3.60; beef $4.20; meat $3.85; flour, $2.20; coffee, $1.40; sugar, 1.30; Nov. 10th, feed $18; oats $54.00; $18 feed; oats $54; meat $2.72; flour $2.20; meat $1; meat $10.95; and same date, J. C. Statten, $56.74; flour $2.20; then on the 15th of Nov. Armstrong's man account $73.93; T. B. Jones account, $2.01 Wilkie's account, $79.35. Now, on the 23d of Nov., oats $57; chops $18.50; Dec. 3d, axes and handles $6; corn, $5.40; merchandise $1.10; on the 5th, corn $3.60; then on the 9th of Dec. chops $18; and on the 21st of Dec. oats and chops, $75.15, and Jan. 4th meat $8, flour $1.65, oats $3; hay $1; on the 28th of January, oats $3; on the 9th of January, oats $3; and 30th of Jan. oats $3; and 31st oats $3.00; Feb. 5th oats $3.25; 7th oats $3.25 9th, oats $3.25; 12th, oats $6.50; 21st of Feb. oats $16.25 and labor $236.49; on March 10th, meat $11.96, and 21st oats $6; chops $12, oats $9. Then on the 31st of March, oats

$3; hay $6; on March 30th, oats $6; on April 4th, oats $3; oats $3; and on the 5th of April, oats $3.''

The court ruled as follows:

"The motion is sustained as to the items cash, which shows no dates $5.50, $25, $700, $57.20, $19.35, and the item charged under the items of September 10th, which bears no date, use of wagon $5.50; man account $7.95; and also the items on page 3 of the account, Armstrong man account, $46.10; $24.95; Statten account, $74.85; Jones account, $1.89; Townes account, $38.74; Wilkie account, $2.80, and on page 4 of the account, on which appears under date of Nov. 10th, J. C. Statten account $56.74; and the item of Nov. 15th, Armstrong man account, $73.93; T. B. Jones account, $2.01; Wilkie's account, $79.35; under March, 1916, labor $236.49, and the motion to exclude is overruled as to the other items mentioned in the motion; the above amounting in the aggregate to $1,466.74.''

Prior to this ruling by the court and during the production of testimony the defendant introduced the bookkeeper who entered most of the items, and offered to prove by the bookkeeper from his recollection, refreshed by inspection of the books, as to what the items consisted of, that they were properly charged in the course of business, and were furnished to the defendant. The court ruled that if the witness could testify from his independent recollection, unaided by the books, that he could testify to same, but refused to permit him to use the books for the purpose of refreshing his recollection. The plaintiff also produced W. C. Finley and C. C. Finley to prove certain items embraced in the account, Mr. C. C. Finley testifying as to a one thousand two hundred dollar cash charge, and Mr. W. C. Finley testifying, or offering to testify, to a seven hundred dollar item embraced in the items excluded by the court. The court ruled that W. C. Finley could not testify as to the

seven hundred dollar item embraced in the items exclud-
ed by the court, because the item appearing on the ac-
count sued on in the lump sum of seven hundred dollars
is without date. Plaintiff also asked permission to amend
the declaration sued on so as to show the amounts of
various items on which they were charged and the prices
for which they were charged on the books of account,
which the court refused to permit. Throughout the trial
of the case items were constantly objected to because it
was contended that cash items were not properly charge-
able in a book account, and that the book was not evi-
dence as to such items. It is unnecessary to go into each
particular objection and ruling in this opinion, but they
are all governed by the same principles.

It was error for the court to refuse to permit plain-
tiff to amend his declaration so as to show the proper
items embraced in the account. This court has recently
in two cases touched on the principles involved in this
case. In the case of *Duffy* v. *Kilroe,* 76 So. 681, Chief
Justice Smith, speaking for the court, held that an ac-
count containing visits of a physician to a patient, show-
ing sixty-three visits at five dollars, and four visits at
ten dollars, in April, sixty-three visits at five dollars,
and two visits at ten dollars, in May, fifty-nine visits
at five dollars, and six visits at ten dollars, in June,
forty-six visits at five dollars, and seven visits at ten
dollars, in July, five visits at five dollars, and one visit
at ten dollars, in August, and sixty-two visits at five
dollars, and seven visits at ten dollars, in September,
was a sufficient itemization to admit the account to
probate under the statute requiring accounts to be item-
ized in such cases. In the case of *Barner* v. *Rule,* 77
So. 521, Justice Stevens, speaking for the court, held that
cash items entered in the regular course of business
were properly chargeable upon the books of account
and that the books were evidence to establish such
charges made in the regular course of business.

We think also that the bookkeeper had a right to
look at the items on the book, and if, after doing so,
he could state from memory what the items consisted
of, and what was the agreed price or fair market price,
he should have been permitted to do so. He testified
that he could do so if allowed to look at the books. It
was also competent to prove the cash items by the wit-
nesses C. C. Finley and W. C. Finley, independently
of the books and of the way in which they appeared
upon the account sued on.

Some of the items embraced in the account had the
name and quantity of the article charged, but not the
price at which it was sold. Plaintiff offered to amend
by inserting the amount and by proving the same be-
fore the jury by witnesses. Among the items in the
account excluded by the court were items charged for
laborers for Armstrong in gross amount, that is, the
sum total paid to laborers or other persons on behalf
of Armstrong was charged under the name of the
party, or one of the parties, in a gross sum; for in-
stance "Statter account, seventy-four dollars and
eighty-five cents; Townes account, thirty-eight dol-
lars and seventy-four cents; Wilkie account, two dol-
lars and eighty-six cents; Armstrong man account
seventy-three dollars," etc., charged to names in gross
sums, but the plaintiff offered to introduce accounts
itemized, and also to prove by independent evidence
that these sums were furnished at Armstrong's in-
stance and for his benefit to said parties. We think
the court should have permitted the necessary amend-
ments, and should have received the proof to show that
said money was furnished at the instance and request
of the defendant.

For the errors indicated, the judgment of the court
below is reversed, and the cause remanded.

*Reversed and remanded.*