## J. R. WATKINS CO. v. BUCHANAN et al.*

(Division B.   Feb. 20, 1928.   Suggestion of Error Overruled March 19, 1928.)

[115 So. 773.   No. 26717.]

1. GUARANTY.   *Sureties on bond guaranteeing payment of principal's purchases could not be held for merchandise sold principal after expiration date of bond.*

   Liability of sureties on bond guaranteeing payment of principal's purchases from plaintiffs during life of bond was limited to express provisions of bonds or guaranty signed by them, and they could not be held for any merchandise sold principal subsequent to expiration date of bond.

2. PAYMENT.   *Where neither debtor nor creditor expressly directed application of payments, credits should be applied upon oldest items of account.*

   Where neither debtor nor creditor expressly directed application of payments by debtor for goods purchased, rule that all credits should be applied upon oldest items of account applied.

---

*Corpus Juris-Cyc. References: Guaranty, 28CJ, p. 957, n. 6; Payment, 30Cyc, p. 1244, n. 56; On the general rule as to application of unappropriated payments, see 21 R. C. L. 103.

APPEAL from circuit court of Chickasaw county, Second district.

HON. T. E. PEGRAM, Judge.

Action by the J. R. Watkins Company against R. E. Buchanan and others. From an adverse judgment, plaintiff appeals. Affirmed.

*Stovall & Stovall,* for appellant.

The execution of the contract sued upon in this case is not disputed. The evidence conclusively shows that no part of the indebtedness of three hundred sixty-nine dollars and fifty-nine cents expressed in the contract has ever been paid, and also conclusively shows that the plaintiff sold and delivered in the sum of two thousand ninety-one dollars and forty-one cents, and that he paid on these goods seven hundred ninety-eight dollars and eighty-five cents, leaving a balance of one thousand two hundred ninety-two dollars and fifty-six cents due for goods sold which, with the three hundred sixty-nine dollars and fifty-nine cents expressed in the agreement, due for goods under a previous contract, amounts to a total of one thousand six hundred sixty-two dollars and fifteen cents which the plaintiff is justly entitled to recover under the contract sued upon.

The testimony of G. L. Russell that he paid the indebtedness expressed in the contract, and balance on account is inconsistent with the reports with which he sent in his remittances to the plaintiff. He expressly states "Remitted by check thirty-three dollars for credit on goods purchased by and delivered to me at point of shipment, and prepaid freight and express thereon, pursuant to agreement. G. L. Russell," And the remittances sent in by him were so applied by the plaintiff.

It appears from the affirmative testimony of G. L. Russell, the only witness called by the defendants, that he owed plaintiff one thousand four hundred sixty-two

dollars and eighty-seven cents December 1, 1919, the date of the forged contract, as which time the contract sued upon here was in force. The defendants in their plea and additional pleas do not deny the execution of the contract here sued upon.

The finding of the learned trial court that the verdict and judgment in the former action constituted a bar to plaintiff's recovery on the contract in this action is obvious error.

*L. P. Haley* and *S. M. Graham,* for appellees.

Part of the indebtedness in this suit is represented by open account, which was sued for in the first suit on open account. So far as that part of the indebtedness represented by open account is concerned, there was a splitting of causes of action and no part or the whole of the indebtedness based upon open account can be sued for herein. Accordingly, the appellants abandoned their claim to any judgment on that part of the indebtedness represented in the open account on their motion for a new trial, leaving the only item contended for, as shown by their motion, that of three hundred sixty-nine dollars and fifty-nine cents, which was written into the face of the bond sued on and which was the oldest part of the indebtedness. In as much as the principal directed the application of the payments to the bond, the appellant would not be permitted to apply such payments to the tail end of the account instead of the oldest part of the account. By application of the payments made after the bond sued on was executed, and by crediting the account with the items sold after March 1, 1920 as shown by the open account sued on in both suits the total indebtedness under the bond herein sued on is overpaid.

Our position as to the application of the payments made after the bond sued on was executed is conclusively upheld by this court in *Mortimer* v. *McKay,* 1 Miss. Dec. 585.

Application of the payments made after the bond was signed and before bond expired, which opposing counsel admit in their brief to be eight hundred sixty-seven dollars and sixty cents, would more than extinguish the amount of three hundred sixty-nine dollars and fifty-nine cents written into the face of the bond sued on and due at the time the bond was made. Since the amount paid satisfies the part written in the face of the bond, and opposing counsels have abandoned the part of the debt shown in the open account, there is nothing left to base a judgment on. The bond in suit was executed June 2, 1919, expiring March 1, 1920. The first bond sued was executed December 1, 1919, expiring March 1, 1921, and in order to avoid the effect of merger of causes or election of remedies, counsel say that the first bond sued on was absolutely void and good for no purpose and yet, when they go to placing credits for payments made by the principle in the bond, they stop the credits on the expiration date of this bond, and attempt to place all credits for payments made after expiration of this bond on the account made after the forged bond was executed.

The amount of the debt for merchandise June 2, 1919, was agreed upon and written into the face of the bond in this suit as three hundred sixty-nine dollars and fifty-nine cents and from this date until December 1, 1919, additional advancements were made and additional payments made which were balanced showing a remaining debt December 1, 1919, of one thousand four hundred sixty-two dollars and eighty-seven cents which balance was written into the face of the renewal bond (forged) of date December 1, 1919 on which the first suit was filed. Now we only have to add to this December 1, 1919 balance, the debits up to March 1, 1920, the expiration date of the bond in this suit, and to get these additional debits we look to a copy of the itemized statement of debits between December 1, 1919 and March 1, 1920, where we find by addition the sum of $169.75. Adding this to the bal-

ance of the debt December 1, 1919 of one thousand four hundred sixty-two dollars and eighty-seven cents we get one thousand six hundred thirty-one dollars and sixty-two cents. By looking at the declaration in the first suit embodied in this record we find the amount paid after December 1, 1919 to be one thousand six hundred thirty-nine dollars and seventy cents, which payment balanced against the total debt to March 1, 1920, will show an over payment.

As to the correctness of these figures, we took them from the declarations of appellant in the two suits and consequently the appellant is bound by same, as the itemized statements were sworn to by appellant and sued on.

Argued orally by *R. C. Stovall*, for appellant, and *S. M. Graham*, for appellee.

PACK, J. Appellant appeals from an adverse judgment from the circuit court of Chickasaw county.

By agreement of the parties, a jury was waived and the cause submitted to the judge for decision. Appellees R. E. Buchanan and W. I. Jinkins were voluntary sureties for one G. L. Russell, under written contract to sell merchandise for appellant, the merchandise to be shipped, as needed by Russell, from appellant's place of business at Winona, Minn. The bond or guaranty executed by appellees—was to guarantee payment of Russell's purchases during the life of the bond. The contract and bond sued upon were dated June 2, 1919, and the bond was to expire March 1, 1920.

Russell owed appellant, at the time of the execution of the bond, three hundred sixty dollars and fifty-nine cents, which sum was also to be included in the guaranty. Russell was operating under this arrangement, when on December 1, 1919, appellant demanded that he execute a new contract, and bond covering the amount then due appellant, also subsequent purchases. This new bond was forwarded by Russell to appellant at its home office,

and purported to be signed by the same sureties, the appellees herein. It was to expire March 1, 1921. In form it was the same as the former bond, except as to the amount of the indebtedness stipulated and the date of expiration. Russell severed his relations with appellant in June, 1920, owing, it is alleged, a considerable sum of money.

Some time thereafter suit was brought against these appellees on the last bond. An itemized statement of debits and credits covering all transactions between appellant and Russell was made an exhibit to the declaration. The appellees defended this suit on the ground that the alleged new bond was a forgery. Their plea of *non est factum* was upheld, and, on appeal to this court, was affirmed, 100 So. 285.

Thereafter appellant filed this new suit, which is predicated upon the first bond. The appellees, under proper pleas in the court below, defended upon three propositions: (1) That the appellant, having first sued on the last bond, pressing its former suit to final judgment after being apprized of its alleged forgery, is now estopped under the doctrine of election of remedies; (2) that the judgment in the first suit is *res judicata;* and (3) that the rule of application of payments extinguishes the debt for which these appellees could be held liable. Appellant insists that none of these principles of law are applicable to the facts in this case.

Under our view it becomes unnecessary to pass upon the two first propositions. It is clear that any liability of these appellees would be limited to the express provisions of the bond or guaranty signed by them. They could not be held for any merchandise sold to Russell subsequent to the expiration date of the bond. The accounts filed, both in the first suit and in the case at bar, are made exhibits for comparison. They are somewhat confusing, and seem to have been confusing to the trial court. If all the debit items covered by the first bond

are totaled, and this total is balanced against the total of all payments made by Russell, the principal, the debt for which these sureties are liable will be extinguished.

If neither of the parties expressly directed an application of payments, the rule that all credits should be applied upon the oldest items of the account applies. Appellant contends that there is enough in the language of the written contract to control the application of all payments. An examination of same fails to convince us that it contains such direction. Following the rule that in such cases all credit should be applied upon the oldest items of the account, the indebtedness covered by the bond is completely extinguished. This rule is enunciated in *Fletcher* v. *Gillan,* 62 Miss. 8; *Duffey* v. *Kilroe,* 116 Miss. 7, 76 So. 681.

It follows that the judgment of the court below should be affirmed.

*Affirmed.*