ON PETITIONS FOR REHEARING
BRADY, Justice:
National Surety Corporation
After further extended and meticulous study of this case upon consideration of the petitions for rehearing which have been filed herein by appellant, National Surety Corporation, and appellee, Frank L. Dennis, d/b/a Dennis Brothers Construction Company, and a review of the essential facts relating thereto, we conclude that there are no errors meriting a reversal of this cause insofar as the petition for rehearing of appellant, National Surety Corporation, is concerned, and said petition is therefore denied.
 The original opinion in this case does not treat in detail the rule of law that payments first made should be applied to debits first incurred, which rule is in effect in Mississippi as shown by the cases of J. R. Watkins Company v. Buchanan, 149 Miss. 483, 115 So. 773 (1928) and M. G. Travis & Company v. Mosley, 148 Miss. 368, 114 So. 628 (1927). This fact is of no great consequence insofar as the appellant’s petition for rehearing is concerned for the reason that the facts in this cause definitely place it within the recognized exception to the rule set out in the Watkins and Travis cases, supra, this well recognized exception being that the payee, Ready-Mix, in this cause, must apply a payment to the end for which it was intended, if said payment came from a particular source, intended for a particular debt, and the payee, Ready-Mix, agreed to or had knowledge of this fact. Koehring Co. v. United States, 303 F.2d 468 (10th Cir. 1962); Choctaw, Inc. v. Great Am. Ins. Co., 235 Ark. 978, 363 S.W.2d 410 (1963); Jackson v. A.B.Z. Lumber Co., 155 Colo. 33, 392 P.2d 288 (1964); Herrman v. Daffin, 302 S.W.2d 313 (Mo.App.1957); Hiller & Skoglund, Inc. v. Atlantic Creosoting Co., 40 N.J. 6, 190 A.2d 380 (1963) ; Northern Va. Savings & Loan Ass’n v. J. B. Kendall Co., 205 Va. 136, 135 S.E.2d 178 (1964); Annot., 166 A.L.R. 641 (1947); Annot., 130 A.L.R. 198 (1941); Annot., 41 A.L.R. 1297 (1926). An objective review of the facts in this cause establishes by the overwhelming weight of the testimony that appellee Dennis made payments squarely within the aforesaid recognized exception. It follows, therefore, that Marquette Cement Manufacturing Company v. Fidelity and Deposit Company, 173 Miss. 164, 158 So. 924 (1935) has no application on this issue of fact or law.
Claim of Frank L. Dennis
We next consider the petition for rehearing of Frank L. Dennis, d/b/a Dennis Brothers Construction Company, referred to herein as Dennis.
Appellee, Ready-Mix, brought suit against National Surety Company for $81,-542.24, the entire amount due for materials which were used on James’ project No. 11. Based upon the direct testimony of Ready-Mix, Clark, and Dennis it was shown that Dennis had paid Ready-Mix $48,704.07 over and above the amount which it owed Ready-Mix for materials used in project No. 16, for which Dennis had agreed to make payments directly to Ready-Mix, in which Ready-Mix concurred. Ready-Mix assigned to Dennis the amount of the overpayment made by Dennis to Ready-Mix. The trial court granted a judgment in favor of Dennis notwithstanding the verdict of the jury. The question to be decided here is *126 whether this action by the trial court was correct.
Conceding that the case of Illinois Central Railroad Company v. Harrison, 224 Miss. 331, 80 So.2d 23 (1955) affirms the proposition that conflicts in testimony are for determination by a jury, this rule of law does not have application in the case at bar. National Surety Company did not allege in its answer nor prove that Dennis paid for materials which went into project No. 11, with money which belonged to or was due to Clark. Therefore, this question was not properly before the Court or the jury. Nevertheless, the testimony offered by Dennis clearly establishes the fact that Dennis made through mistake an overpayment of $48,704.07 for materials which he believed went into project No. 16. The proof shows that these materials were used in project No. 11 in violation of the agreement between Dennis and Ready-Mix. We find no material conflict in the evidence which would permit this question to be presented to the jury for determination. The proof clearly shows that Dennis never intended to advance any money or pay for any materials whatsoever for project No. 11.
It is undisputed that Dennis furnished no materials for project No. 11; moreover, the suit brought by Dennis is not based directly upon the contract bond of James. As a matter of fact, Dennis is not directly in the suit as a materialman, but as an as-signee or owner of part of the claim of Ready-Mix, which Dennis received as a result of the assignment from Ready-Mix. Ready-Mix had a valid claim for all of the materials which it furnished on project No. 11, none of which have been paid for, and the rights of Dennis as an assignee are identical with those of Ready-Mix insofar as materials furnished on project No. 11 are concerned.
Under the proof in the case at bar, Oliver Construction Company v. Crawford, 142 Miss. 490, 107 So. 877 (1926) is inapplicable for the reason that there is absolutely no allegation or proof by National Surety that the overpayment by Dennis was ever intended as a loan to Clark. All of the testimony presented is to the effect that a mistake was made in overpaying the account for materials not used in project No. 16 but in project No. 11 from which project Dennis could not derive any monetary benefit and in which he had no interest." 'After careful and objective retrospection, we are led to the conclusion that the proof in this cause is insufficient to permit the jury to infer that the amount was not an overpayment, that it was a loan, that it was voluntarily made, or that the overpayment was made with sums due to Clark by Dennis. Furthermore, the equitable question of whether the money paid Ready-Mix was that of Dennis or Clark was for determination by a court of equity, and this matter could not have been properly pled or inquired into at the trial in the case at bar. Also, it was not proper for the court below to allow to be brought before the jury other transactions, debts or obligations between Dennis and Clark not pertaining to either project 11 or project 16.
In conclusion, we hold that the judgment entered by the trial court setting aside the verdict of the jury and entering a judgment non obstante veredicto for Frank L. Dennis, d/b/a Dennis Brothers Construction Company was correct, and judgment of the circuit court is hereby reinstated and affirmed in toto. Dennis' petition ,for rehearing is therefore sustained. All court costs shall be paid by National Surety Corporation. All court costs shall be paid by National Surety Corporation.
Petition for rehearing of National Surety Corporation denied; petition for rehearing by Frank L. Dennis sustained; judgment of circuit court affirmed in toto; motion of Ready-Mix for additional attorneys’ fees overruled.
*127 All Justices concur except RODGERS and SMITH, JJ., who dissent.