M. G. Travis & Co. *v.* Mosley.*

(Division A.  Nov. 21, 1927.)

[114 So. 628.  No. 26668.]

1. Limitation of Actions. *Farmer paying account partly with cotton and live stock, credited on account, was not "trader," within statute of limitations (Hemingway's Code 1927, sections 2637, 2638).*

Farmer who purchased merchandise and paid for same partly with cash and partly with cotton and live stock sold and delivered

to seller, to be credited on account, was not "trader," within meaning of Code 1906, section 3100 (Hemingway's Code 1927, section 2638), so that period of limitation commenced to run against several items of account from dates at which same became due and payable, under section 3099 (Hemingway's Code 1927, section 2637).

2. Customs and Usages. *Limitation of actions. Item on account held barred by three-year limitation; custom that accounts with farmers were not due until October 1 held not proved (Hemingway's Code 1927, sections 2637, 2638).*

Item dated July 23, 1923, on open account against farmer was barred by three-year statute of limitation (Code 1906, sections 3099, 3100 [Hemingway's Code 1927, sections 2637, 2638]), where suit was filed August 17, 1926, and evidence was insufficient to establish claimed custom and usage of merchants in locality, that accounts with farmers were not due and payable until October 1 of year in which items were sold.

3. Payment. *Law applies payment to first items of account where parties do not apply it.*

Where neither party makes application of payment to items of account, law applies it to first items thereof.

4. Payment. *Debtor by paying twenty-five dollars where items of open account not barred by statute amounted to only three dollars and twenty-five cents, applied payment to barred account (Hemingway's Code 1927, sections 2637, 2638).*

Where debtor paid twenty-five dollars on open account, and items on account not barred by Code 1906, sections 3099, 3100 (Hemingway's Code 1927, sections 2637, 2638), amounted to only three dollars and twenty-five cents, and debtor denied that he purchased items not barred, debtor applied payment to barred account.

---

*Corpus Juris-Cyc. References: Limitations of Actions, 37CJ, p. 767, n. 61; p. 876, n. 96; Payment, 30Cyc, p. 1230, n. 64; p. 1244, n. 56.

Appeal from circuit court of Wayne county.

Hon. J. D. Fatheree, Judge.

Suit by M. G. Travis & Co. against M. C. Mosley. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

*Hon. J. Madison Travis* and *Hon. C. F. Travis* for appellant.

148 Miss.—24.

The court erred in granting appellee peremptory instruction. The evidence leads to the conclusion that the account sued upon was a mutual and open current account where both parties were merchants or traders at the time the account was made and a cause of action did not accrue until the time of the true date of the last item became due and payable. The lawmakers intended by express language or by implication that the statute of limitations, on accounts of merchants for goods, wares and merchandise sold to their customers should prevent a multitude of suits. *Graham McNeil Co.* v. *Scarbrough,* 135 Miss. 59, 99 So. 502. The said account was a mutual and open current account and the appellee was a trader, having brought merchandise and paid for same partly in cash, sold cotton for market, oxen, horses and other live stock for commercial purposes and the payments therefor by agreement being made on the said running, open, and current account, and on account of said mutual dealings the statute of limitations did not run on the account or any part thereof as suit was filed within three years from the true date of the last items charged. *Abbay* v. *Hill,* 64 Miss. 340, 1 So. 484. By general custom and contract, express and implied, the items of the account did not become due until October 1st of each year. *Hunter* v. *Wilkinson,* 44 Miss. 721; *Effinger* v. *Henderson,* 33 Miss. 449.

The courts of our country have laid down a general rule, that payments made on open account, neither party applying them to any particular item, should be applied by the court to the oldest items of the account. *Fletcher* v. *Gillian,* 62 Miss. 8; *Duffy* v. *Kilroe,* 116 Miss. 7, 76 So. 681; *Reid Bros.* v. *Todd* (Ala.), 95 So. 276; *Harman & Stringfellow* v. *Legrande* (La.), 91 So. 726; *Bell* v. *Bell,* (Ala.), 56 So. 926; *Brown* v. *Larry* (Ala.), 44 So. 841; *Sleet* v. *Sleet* (La.), 33 So. 322; *Honeye* v. *Henkel* (La.), 40 So. 460; *Lazarus* v. *Friedheim,* 51 Ark. 371; *Molaskey* v. *Peery,* 76 Cal. 84; *Lippman* v. *Boals,* 16 Lea 283; *Na-*

*tional Park Bank* v. *Sea Board Bank,* 114 N. Y. 28; *Union National Bank* v. *Cleveland,* 10 O. 222, 30 Cyc. 1244.

*Hon. A. G. Busby,* for appellee.

Appellant contends that the account sued upon was a mutual and open current account, and that both parties were merchants or traders, because appellee sold to appellant cotton and other goods at a certain price to be applied to his account, and cites *Abbay.* v. *Hill,* 64 Miss. 340, 1 So. 484, to support this contention. In the case cited it was not true that the cotton was sold to Hill, Fontane & Company, but it was delivered to them to sell for Abbay and the proceeds to be accounted for. In the case at bar appellee sold to appellant, the cotton and other goods at a certain price to be credited to his account; therefore the case cited by appellant himself shows thoroughly that it was not a mutual and current account, but an open account.

The appellant further contends that by general custom and contract, express and implied, that the items of the account did not become due until October 1st of each year. We contend that there was no custom proven; all the attempt made by appellant to prove a custom was by Mr. G. B. Travis, in answer to a question by his attorney he answers as follows: "Yes I knew the general custom. No account was due until the fall. Mr. Mosley's account was not due until then, we didn't send him a statement until fall."

Argued orally by *Cecil M. Travis,* for appellant.

Cook, J., delivered the opinion of the court.

On the 17th day of August, 1926, the appellant, M. G. Travis & Co., filed this suit in the circuit court of Wayne county against the appellee for a balance of five hundred twenty dollars, alleged to be due on an open account. The first item charged on the account bears the date of

January, 1920, while the last item is dated September 5, 1923. The account has several credits thereon, including the value of three bales of cotton and certain live stock sold and delivered to the appellant, all of these credits being dated in the year 1922, except one for twenty-five dollars cash, which is dated October 13, 1926.

The appellee filed an affidavit denying the items of the account, and also pleaded payment and the three-year statute of limitations. At the conclusion of the testimony, the appellee made a motion for a peremptory instruction on the ground that the account sued on and offered in evidence shows that all items thereon, except two aggregating three dollars and twenty-five cents, were barred by the statute of limitations, and the credit of twenty-five dollars on October 13, 1926, overpaid the items which were not barred. This motion was sustained; in response to the peremptory instruction, the jury returned a verdict for the defendant; and from a judgment entered in pursuance of that verdict, this appeal was prosecuted.

Section 3099, Code of 1906 (section 2637, Hemingway's Code 1927, provides that:

"Actions on an open account or stated account not acknowledged in writing, signed by the debtor, and on any unwritten contract, express or implied, shall be commenced within three years next after the cause of such action accrued, and not after."

While section 3100, Code of 1906 (section 2638, Hemingway's Code 1927), which fixes the time when the statute begins to run on open accounts, provides that:

"In all actions brought to recover the balance due upon a mutual and open current account, where both parties are merchants or traders, the cause of action shall be deemed to have accrued at the time of the true date of the last item proved in such account; and in all other actions upon open accounts, the period of limitation shall commence to run against the several items thereof from

the dates at which the same respectively became due and payable."

The appellant contends that, since the appellee purchased merchandise and paid for the same partly with cash and partly with cotton and live stock sold and delivered to the appellee, to be credited on the account, the appellee was a trader, within the terms of the above-quoted section 3100; and, consequently, that on account of the mutual dealings between the parties the statute of limitations did not commence to run until the true date of the last item charged on the account; and since the suit was filed within three years of the date of the last item, no part of the account was barred.

The Code of 1880, section 2671, provided that in all actions brought to recover the balance due on a mutual and open current account, the cause of action should be deemed to have accrued at the time of the true date of the last item proved in such account; but it did not contain the limitation that this applied only to mutual and current accounts between merchants and traders; and, under this statute, the court, in *Abbay* v. *Hill,* 64 Miss. 340, 1 So. 484, held that if a merchant sells supplies to his customer, and receives from him cotton, which he sells for him, and credits the net proceeds of the cotton on the account against the customer for supplies, the account thus kept will be a mutual and open current account, within the meaning of this statute. Under the present statute it is only actions based upon mutual and open current accounts between merchants or traders which may be held to have accrued at the time of the true date of the last item proved in such account. In the case at bar, the appellee was not a trader. The proof shows that he was a farmer, and the fact that he sold the products of his farm and the surplus live stock therefrom does not make him a trader; consequently, the period of limitation commenced to run against the several items of the account from the dates at which the same became due and payable. There were only three items charged on the ac-

count during the year 1923; one of four dollars on July 23d; one of two dollars and forty cents, on August 25th; and one of eighty-five cents, on September 5th. This suit was filed on August 17, 1926; and, consequently, the items of August 25 and September 5, 1923, were not barred by the three-year statute of limitations.

The appellant contends that the item of July 23, 1923, is not barred for the reason that, under the custom and usage of merchants in that locality, accounts with farmers are not due and payable until the 1st day of October of the year in which the items of the account are sold. There was some attempt to prove such a local custom, but the testimony on that point is insufficient to establish such a general custom, and therefore the item charged on July 23, 1923, is barred by the statute.

There was a credit of twenty-five dollars indorsed on the account, dated October 13, 1926, and the court below applied this payment in extinguishment of the items amounting to three dollars and twenty-five cents which were not barred—or, in other words, the last items of the account. The rule is well established in this state that, where neither party makes application of a payment to the items of an account, the law applies it to the first items thereof. Whether this rule would authorize and require the court to apply the payment to items that were barred it is not necessary to now decide, for the reason that this record clearly establishes the fact that the defendant intended that this payment should be applied to items antedating August, 1923, which were barred. The items that were not barred amounted to only three dollars and twenty-five cents, while the payment was twenty-five dollars. The debtor emphatically and repeatedly denied that he purchased any of the items charged in the year 1923, and, consequently, he necessarily intended this payment to apply on the account made prior to that year. This will be construed as an application by the debtor to the barred account.

As to whether the last two items of the account, amounting to three dollars and twenty cents, were pur-

chased by the appellee, the testimony is in sharp conflict, and this conflict of evidence can only be solved by a jury. The amount left in controversy is very small, but it necessitates a reversal of the judgment of the court below and a remand of the cause for a new trial.

*Reversed and remanded.*