ANDERSON *v.* LAUREL OIL & FERTLIZER COMPANY

No. 40161          May 14, 1956          87 So. 2d 556

96

*Collins & Odom,* Laurel, for appellant.

*Welch & Gibbes,* Laurel, for appellee.

GILLESPIE, J.

This is a suit on an open account. A sworn itemized statement was attached to the declaration. The account covered the period November 27, 1946 to June 30, 1954. The plaintiff below, appellee here, was Laurel Oil & Fertilizer Company, and the defendant below, appellant here, was A. D. Anderson, Sr. The suit was for $10,244.62 and plaintiff was granted a peremptory instruction for that amount, less two items of $105.00 and $1500.00, and interest thereon, which the court peremptorily found should have been credited to defendant, resulting in a judgment for plaintiff for $8,433.85. Defendant appeals and plaintiff cross-appeals, claiming it should have judgment for the full amount.

The proof was conclusive that defendant received all the items charged against him on the account, and there was no proof to the contrary. There was no issue of fact for the jury as to the credits to the account.

Appellant's answer contained a plea of the statute of limitations as to the first 110 debit items.

Appellee filed no written statement in denial or avoidance of this plea. At the trial appellee showed without dispute that (1) it applied all payments to the oldest part of the debt, (2) appellant had not given any directions to apply payments to later parts of the debt, (3) the application of payments to the oldest part of the account was according to the understanding of the parties, (4) appellant knew how payments were being applied and statements were rendered appellant about once every month and a half. Under these circumstances, the payments were lawfully applied to the oldest part of the account, and the later items were not within the bar of the statute of limitations. M. G. Travis & Co. v. Mosley, 148 Miss. 368, 114 So. 628; J. R. Watkins Co. v. Buchanan, et al, 149 Miss. 483, 115 So. 773, Hannan Motor Company v. Darr, 212 Miss. 870, 56 So. 2d 64; 54 C.J.S., Limitations of Actions, Sec. 330; 40 Am. Jur., Payment, Sec. 117.

Appellant contends that absent a written statement in denial or avoidance of the plea of the statute of limitations no evidence was admissible as to the application of the payments. Appellant relies on the provisions of Section 1475.5, Mississippi Code of 1942. Appellee's sworn itemized account showed by necesary implication how the account was handled as to the application of payments. It showed every item of debit in chronological order, followed by the items of credit in chronological order, with the balance being the difference between the aggregates of those two sets of figures. An application of a payment by a creditor may be made expressly or by implication. Thus, if he enters the debits and credits in a general account, as they occur, this will be considered, in the absence of evidence to the contrary, as a general application of the credits to the debits in the order of time in which the debits occur, thus paying first the debt first due. 40 Am. Jur., Payment, Sec. 127. In such manner was the account shown on the

itemized statement which was a part of appellee's plead-
ings. It was notice to appellant that such was appellee's
position as to application of payments, and appellant
may not complain of the introduction of proof to sustain
that position. Appellee was not required to file a writ-
ten statement in denial or avoidance of the plea of the
statute of limitations under these circumstances. A typi-
cal application of the last part of subsection 4, Section
1475.5, Code of 1942, to a plea of the statute of limita-
tions, would be where the plaintiff intended to rely on
some disability on his part preventing the running of the
statute, in which case a written reply would be required
of plaintiff to apprise the defendant of the issue to be
made, to the end that defendant be prepared with his
proof on such issue. ██ █ It is a general rule that it
is not essential for plaintiff to reply to a plea of the sta-
tute of limitations where he has anticipated such plea
in his original pleadings and the plea raises an issue
in that respect. 54 C.J.S., Limitations of Actions, Sec-
tion 376. The reason for the rule is that where plain-
tiff's original pleading reveals his position, the defend-
ant may expect plaintiff to offer evidence to sustain it
if defendant makes an issue in that respect. The only
reason for a written statement or reply in denial or
avoidance is to furnish notice to defendant; if defendant
has notice from plaintiff's original pleading it is not
necessary to again give it in a reply.

Other errors are assigned on direct appeal, but none
of sufficient merit to justify discussion.

██ █ The lower court peremptorily held that appel-
lant did not receive credit for a $1500 payment made
on the account. These are the undisputed facts: Appel-
lee's itemized account showed a credit of $1500 on May
26, 1952; appellant attached to his answer a statement
of the account according to his version of what he owed
after eliminating the first 110 items which he claimed
were barred by the statute of limitations, and this state-

ment showed the credit of $1500 on May 26, 1952; appellant introduced a cancelled check payable to and endorsed by appellee for $1500 dated May 22, 1952, which showed that it was paid by the bank on June 5, 1952; no other payment of $1500 was shown to have been made by appellant; appellee's witness, Granberry, testifying from his records, said that he gave credit for the May 22, 1952 check for $1500 on May 26, 1952, and that sometimes checks were held before deposit, and the check itself shows it was held from May 22, the date of its issue, until June 5, the day it was paid by the bank. All the proof showed that credit was given for the $1500 check and it was error for the lower court to again give appellant credit for this item.

The lower court peremptorily held that appellant did not receive credit for a payment of $105.00 on December 24, 1949. These are the facts as to that item: On appellee's statement of account there appears a credit to appellant dated December 23, 1949 for $105.40, and a debit item on December 24, 1949 for $105.00; appellee introduced the yard ticket showing goods sold appellant on December 24, 1949 amounting to $105.00; no cancelled checks, or other evidence of any payment other than the credit for $105.40, was introduced. No complaint had been made over the years about the debit item of December 24, 1949, and the credit item of December 23, 1949. We are not able to comprehend how appellant would be entitled to another credit when there is a total lack of evidence that he made any payment not credited. The allowance of the credit of $105.00 was error.

Appellant filed a motion to dismiss the cross-appeal on the ground that cross-appellant did not file his cross-assignment of errors until eleven days before the case was set for hearing. Rule 6, Revised Rules of the Supreme Court of Mississippi, provides that assignment of errors shall be filed by the appellant at least thirty days before a case is set for hearing. There is

no statute or rule of this Court governing cross-appeals. The custom has prevailed in this Court allowing cross-assignments of error to be filed at the time appellee's brief is due. Unless and until a rule is adopted by this Court regulating the time for filing cross-assignments of error, we shall continue our approval of this practice. Cf. Crawley v. Ivy, 149 Miss. 764, 116 So. 90.

For the reasons stated, the case is affirmed on direct appeal. On cross-appeal, the case is reversed and judgment rendered here for the two items of $1500 and $105, plus the interest on said items of $205.77, making a total judgment here of $10,244.62 against appellant in favor of appellee, with interest at the legal rate from October 14, 1954, the date the suit was filed.

Affirmed on direct appeal; reversed and rendered on cross-appeal.

*Roberds, P.J.*, and *Lee, Arrington* and *Ethridge, JJ.*, concur.