No. 12887

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

ARNOLD FAIRCHILD, H. B. LANDOE and
F. D. LICHTENBERG,

                   Plaintiffs and Appellants,

   -vs-

WILLIAMS FEED, INC.,

                   Defendant and Respondent.

---

Appeal from: District Court of the Fifth Judicial District,
             Honorable Frank E. Blair, Judge presiding.

Counsel of Record:

    For Appellant:

        Bennett and Bennett, Bozeman, Montana
        Lyman Bennett Jr. argued, Bozeman, Montana

    For Respondent:

        Schulz and Davis, Dillon, Montana
        Carl M. Davis argued, Dillon, Montana
        Chester Jones argued, Virginia City, Montana

---

               Submitted: November 3, 1975

               Decided: JAN 6 1976

Filed: JAN 6

*Thomas J. Kearney*
                  Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

Plaintiffs sued defendant for damages based on breach of contract and conversion. Following a jury trial in the district court of Madison County before the Hon. Frank E. Blair, the jury returned a verdict for defendant and judgment was entered thereon. Plaintiffs appeal from this judgment and denial of their motion for judgment notwithstanding the verdict or alternatively for a new trial.

Plaintiff Arnold Fairchild leased two farm units in Madison County from plaintiffs H. B. Landoe and F. D. Lichtenberg. Rent was to be paid in the form of a percentage of the crops produced on the land by Fairchild. Defendant Williams Feed, Inc. supplied Fairchild with the seed and supplies necessary to grow the crops. Fairchild executed a demand note and a security interest in the crops.

At the district court trial plaintiffs contended that defendant supplied a less productive variety of barley seed than had been ordered, resulting in a reduced yield and damages of $2,618. Plaintiffs also claimed that defendant unlawfully seized and converted the hay crop causing actual damages of $5,790.02 and punitive damages of $10,000.

Defendant, on the other hand, claimed that plaintiffs' low barley yield was attributable to Fairchild's unorthodox farming methods and repeated hail damage. Defendant contended the hay was not converted but instead foreclosed upon and sold in a commercially reasonable manner after Fairchild defaulted in payment of the demand note.

The district court granted defendant's motion to dismiss plaintiffs Landoe and Lichtenberg from the suit at the close of the plaintiffs' case in chief. At the conclusion of all the evidence, the district court dismissed plaintiffs' claim for

punitive damages. Plaintiffs' motions for directed verdicts on both claims for relief were denied. The jury returned a verdict for defendant. Following denial of plaintiffs' motion for a judgment notwithstanding the verdict or alternatively for a new trial, plaintiffs appeal from the judgment and denial of their motion.

Plaintiffs list six issues for review on appeal:

1. Did the district court err in dismissing this action as to the claims of plaintiffs H. B. Landoe and F. D. Lichtenberg?

2. Did the district court err in withdrawing from the jury the issue of punitive damages?

3. Did the district court err in denying plaintiffs' motion for directed verdict on the claim for breach of contract?

4. Did the district court err in denying plaintiffs' motion for a directed verdict on their claim for conversion?

5. Was the evidence in this action sufficient to justify the verdict of the jury?

6. Did the district court err in denying plaintiffs' motion for judgment notwithstanding the verdict or in the alternative for a new trial?

The principal issue on appeal is whether there had been a default and proper notification of the private sale of the hay. We conclude that there was a default and defendant complied with section 87A-9-504, R.C.M. 1947, in disposing of the hay.

On June 11, 1968, Arnold Fairchild signed a note agreeing to pay the sum of $10,023.15 to Williams Feed, Inc. on demand, together with interest at the rate of 8% per annum. On the same date he also executed a security agreement giving defendant a security interest in his hay and grain crops. The agreement provides that a default exists whenever: (1) any money due and payable remains unpaid, (2) there is a failure to perform any of the

provisions of the security agreement, (3) there is substantial damage or destruction to any portion of the collateral, or (4) the secured party deems itself insecure for any reason whatsoever. The agreement also provides that the borrower will keep the collateral insured against loss, damage, theft and other risks and that any loss recovered from this insurance shall be paid to the secured party to reduce the outstanding indebtedness regardless of whether the indebtedness is due and owing.

It is clear that Arnold Fairchild did not comply with the security agreement and was in default. This testimony establishes that Dave Williams of Williams Feed, Inc. demanded payment and gave notice of default:

> "Q. And at that time did you make any demand upon the Plaintiff [Fairchild] for payment of the note? A. I did.
>
> "Q. And the debt? A. I did.
>
> "Q. What did you say? A. I told him he'd better get busy and sell that hay and I didn't say sometime. I said we could sell it if he couldn't, but we wanted to get that account cleared up. We'd carried him since the fall before and we felt we were entitled to our money.
>
> "Q. Was there anything else said? A. Well, he still said he didn't want to sell.
>
> " * * *
>
> "Q. Was anything said about the price of hay at that time? A. Yes, I told him we could get him $17.50 [per ton] for the hay and if he could do better to go get it, but to get it done."

The tenor of Williams' testimony is that the debt was due and payable and that the hay should be sold immediately to provide the funds for payment. He offered to allow Fairchild to sell the hay on his own at a better price, if he could get one, but did not give him an extension of time for payment of the note. Fairchild was in default because he failed to take any steps to sell the hay and pay the note. Default also occurred when he failed to turn his hail damage proceeds over to the

defendant as required by the security agreement.

Section 87A-9-503, R.C.M. 1947, provides in pertinent part:

> " * * * a secured party has on default the right to take possession of the collateral. <u>In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action</u>. * * *" (Emphasis supplied.)

The secured party's right to possession of the collateral accrues immediately upon default of the provisions of the security agreement. Uniform Commercial Code § 9-503, Uniform Laws Annotated, Official Comment, 1972. County Construction Co. v. Livengood Construction Co., 393 Pa. 39, 142 A.2d 9.

Section 87A-9-504, R.C.M. 1947, allows the secured party to sell the collateral after default:

> "(3) Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. * * * Reasonable notification of the time and place of any public sale or <u>reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor.</u> * * *" (Emphasis supplied.)

The Uniform Commercial Code, § 9-504, Uniform Laws Annotated, Official Comment 5, 1972, states:

> "'Reasonable notification' is not defined in this Article [Secured Transactions]; at a minimum it must be sent in such time that persons entitled to receive it will have sufficient time to take appropriate steps to protect their interests by taking part in the sale or other disposition if they so desire."

Oral notice is sufficient to meet the requirements of Uniform Commercial Code, § 9-504(3). Crest Investment Trust, Inc. v. Alazas, 264 Md. 571, 287 A.2d 61; GAC Credit Corp. v. Small Business Administration, 323 F.Supp. 795; 4 Anderson, 2nd Ed, Uniform Commercial Code, § 9-504:16.

Although at trial it was disputed whether the notification

occurred in September or October of 1968, Fairchild had sufficient notice to allow him to take steps to protect his interest in the hay prior to its sale in December 1968 and January 1969. The record indicates that as late as January 1969, Fairchild had made no effort to sell the hay and pay the note. Consequently defendant had the right to take possession of the hay and sell it at a private sale pursuant to section 87A-9-504, R.C.M. 1947.

Plaintiffs next contend that the trial court erred in dismissing plaintiffs H. B. Landoe and F. D. Lichtenberg from the suit. This issue is irrelevant in view of our affirmance of the judgment for defendant.

Plaintiffs also contend the district court erred in withdrawing the issue of punitive damages from the jury. They rely on the proposition that exemplary damages may be awarded where the defendant has been guilty of actual or presumed malice (section 17-208, R.C.M. 1947), and that malice can be implied where the conduct of the defendant is unjustifiable. Cherry-Burrell Co. v. Thatcher, 107 F.2d 65; Moelleur v. Moelleur, 55 Mont. 30, 173 P. 419; Ramsbacher v. Hohman, 80 Mont. 480, 261 P. 273.

We agree with the conclusion of the district court that the facts of the instant case do not support an inference of malice. Defendant, in selling the hay, was merely exercising its rights under the security agreement and was not engaging in a wanton or willful act constituting malice. In addition to extending credit to Fairchild for farming supplies, defendant repeatedly loaned him money for living expenses. There is simply no evidence supporting an inference of malice.

The remaining issues involve disputed factual questions on which conflicting evidence was presented at the trial. The jury weighed the evidence and resolved the disputed facts in

favor of defendant. This Court will not reverse the jury's determination of the facts based on substantial, though conflicting evidence. Richardson v. Howard Motors, Inc., 163 Mont. 347, 516 P.2d 1153 and cases cited therein.

The judgment of the district court is affirmed.

_Frank I. Haswell_
                                   Justice

We concur:

_James T. Harrison_
Chief Justice

_Wesley Castles_

_Gene B. Daly_

_John Conway Harrison_
Justices

- 7 -