George Walker has appealed from a judgment entered against him in the Circuit Court of Alcorn County at the suit of V.M. Box Motor Company, Inc. The pleadings and proof show that Box had repossessed from Walker, without legal proceedings, a 1967 Ford automobile, which had been purchased by the latter second-hand, under a retail installment "retained title contract." Judgment was entered for the balance remaining on Walker's debt after applying the proceeds of the sale of the automobile by Box and rejecting Walker's cross-claim for damages. It followed a directed verdict for Box on all issues.
Several complaints are made of the action of the trial court.
First, it is contended that repossession of the automobile by Box was made unlawfully. The record indicates the contrary. The car was voluntarily surrendered by Walker to Box and there is nothing in the record to support the proposition that the retaking was improper or unlawful in any respect or that it was not within the provisions of Mississippi Code Annotated section75-9-503 (1972), permitting such a repossession. As to the repossession, there was no material conflict in the evidence and the action of the trial court as to this issue was correct and is affirmed.
The automobile was sold by Box at private sale. Walker complains that Box failed to give him "reasonable notification of the time" after which the automobile would be sold. Mississippi Code Annotated section 75-9-504(3) (1972).
It is undisputed that the required notice was not given Walker by Box. This does not, however, work an absolute forfeiture of Walker's indebtedness to Box, since the security agreement provides that Walker shall be liable for the deficiency after application of the proceeds of the sale. Mississippi Code Annotated section 75-9-504(2) (1972). The failure to give the notice does entitle the debtor, Walker, to recover from the secured party, Box, any actual loss caused by such failure and, in the case of the sale of consumer goods such as the automobile in this case, the debtor also shall have the right to recover "in any event an amount not less than the credit service charge plus ten per cent (10%) of the principal amount of the debt or the time price differential plus ten per cent (10%) of the cash price." Mississippi Code Annotated section 75-9-507(1) (1972).
In addition, failure to give the required statutory notice imposes upon the creditor the burden of establishing by proof that the sale was made in conformity with "reasonable commercial practices" as required by Mississippi Code Annotated section75-9-507(2) (1972). The creditor in such case also must assume the burden of establishing by proof that the sum received for the chattel represented its fair market value.
There is no dispute that, after making necessary repairs, the vehicle was sold at private sale to the highest bidder for $450, after Box had privately solicited and obtained bids from four bidders.
However, in his answer, Walker denies that this sum represented the fair market value of the automobile and contends that it was worth between "$600 and $900." In his answer to interrogatories propounded to him he testified that the sale produced considerably less than the true fair market value of the automobile. Norton v. National *Page 907 Bank of Commerce, 240 Ark. 143, 398 S.W.2d 538 (1966).
In directing a verdict for Box the trial court correctly held that there was no factual issue to be submitted to the jury as to the legality of the repossession.
However, in the above state of the record, a factual question was raised by the pleadings and conflicting testimony as to the fair market value of the automobile. This should have been submitted to the jury.
Also, Walker's cross-claim demanding damages from Box should have been submitted to the jury in keeping with the provisions of Mississippi Code Annotated section 75-9-507(1) (1972).
The case will be affirmed as to the legality of the voluntary repossession of the automobile by Box. It will be reversed and remanded for determination of the questions stated above.
The case was considered by a conference of the Judges en banc.
Affirmed in part and reversed in part.
All Justices concur.