366 So.2d 234 (1979)
Onesifrus McKEE
v.
MISSISSIPPI BANK & TRUST COMPANY.
No. 50812.
Supreme Court of Mississippi.
January 17, 1979.
*235 Charles H. Ramberg, Brandon, for appellant.
McDavid & Edmonson, Robert A. Biggs, III, Jackson, for appellee.
Before SMITH, LEE and COFER, JJ.
COFER, Justice, for the Court:
Appellant bought an automobile and arranged financing with appellee to which he gave the vehicle as security. The loan was in the amount of $3,104.16. He became delinquent in his monthly installments and after contacts with him in an effort to bring the debt to a current basis, appellee took from the appellant on October 6, 1976, a document entitled, "Release for Purposes of Repossession" upon which document appellee took possession of the vehicle.
The release says in part:
... I/we understand that the bank may dispose of the property within ten (10) days hereof and that a deficiency may result for which I/we will be responsible.
and
I/we hereby waive my/our right to receive any further notification of sale or other disposition of the property.
Despite the waiver of notice of sale of the vehicle, appellant expected that a notice would be given him.
Regardless of his expecting such notification, appellee mailed, by certified postage, a letter to appellant dated October 12, 1976, advising him as to the security property, "You have the right to redeem the vehicle by payment of all delinquent payments, attorney fees and collection costs within ten (10) days of your receipt of this letter. If the vehicle is not redeemed within that time we will offer the vehicle for sale to the highest reasonable bidder with the proceeds to be applied to your loan." For some reason the letter, though unquestionably correctly addressed, was returned "unclaimed."
Appellee contacted appellant and was advised by him that he did not receive the letter in the mail, "so (Jerry Ezelle, outside adjuster for appellee, testifying) I told the secretary to send a copy of this letter to him, but they sent another letter of the same standard form we send." This latter *236 letter is dated October 19, 1976, and appellant was warranted in concluding from it that the vehicle would be held for his redemption at least until October 29, 1976. Appellant testified he received the notice on October 21 or 22. There was further communication between the parties concerning appellant's bringing his payments to a current basis and reclaiming the car, but, on October 25, 1976, appellee, having received bids therefor, sold the vehicle at private sale for a consideration of $2,105.
To procure possession of the vehicle at the outset, appellee was forced to pay off a mechanics lien $230.05, with the result that, after the sale, there remained a deficiency in the amount of $991.53, for which sum appellee brought suit in the Circuit Court of Rankin County.
Appellant, defendant in said suit, included affirmative defenses "(1) no notice of the sale of the vehicle was given to defendant by plaintiff according to law; (2) the sale was not made in conformity with "reasonable commercial practices" as required by law; and (3) the sum received at the sale did not represent the fair market value of the vehicle. He also included a counterclaim, wherein he repeated that no notice of the sale was given him as provided by law, and asserted that the automobile involved was consumer goods. He asked judgment on his counterclaim in the amount of $607.58, which he arrived at by including in the amount "an amount not less than the credit service charge plus ten percent of the principle (sic) amount of the debt or the time-place differential, plus ten percent of the cash price, or the total of $607.58." On trial, the jury returned a verdict of $829 in favor of plaintiff-appellee and found against the counterclaimant, appellant on his counterclaim, on all of which judgment was entered.
The appellant thereupon appealed, assigning three errors which will be presently noticed. We reverse and remand.
The first error assigned has to do with the admission of business machine printouts on the transaction, but appellant concedes that their admission was harmless error, and we agree it was harmless, if it was error.
The other assignments go to two instructions given at appellee's request.
Assignment number two is that the court should not have granted the instruction next below because it incorrectly permitted the jury to find from the evidence presented that appellant had waived the right to receive notification of the post-repossession sale of the vehicle. The instruction reads as follows:
The court instructs the jury that if you find from a preponderance of the evidence, if any, that the defendant, McKee, either received reasonable notice of the sale or waived the right to receive such notice, it then becomes his burden to prove to you that the amount received by the plaintiff for the repossessed automobile was not the fair market value under the circumstances, and if he should fail to meet that burden, it is your sworn duty to return a verdict for the plaintiff, the Mississippi Bank & Trust Co.
Mississippi Code Annotated, section 75-9-504(3) (1972), provides, as to disposition of collateral in a situation such as this before us, that
... Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor. ... (Emphasis added).
Mississippi Code Annotated, section 75-9-501(3) (1972), prohibits waiver of notice of intended disposition of the collateral in a case of property such as here involved. (It should be observed that the Legislature, by Laws of Mississippi, 1977, Chapter 452, § 34 effective April 1, 1978, amended section 75-9-504(3), to require notification of sale or other disposition of the collateral "if he has not signed after default a statement renouncing or modifying his right to notification *237 of sale." (Emphasis added). This amendment obviously did not control the issue of notice in this 1976 transaction.)
If it should be assumed, however, that the collateral surrender document noticed above did, regardless of the statute, operate to waive notification of the intended disposition of the vehicle, the attempted notice to appellant by certified mail indicated an unwillingness on appellee's part, for some reason, to rely on such waiver, and in our view, operated an abandonment thereof. There is, in the next place, the sending by mail, and receipt by appellant, of a similar notification dated October 19, 1976, advising him that the vehicle would be sold if not reclaimed within ten days of receipt of the notice by appellant. (Testimony is to the effect that this notice was to have been only a copy of that earlier sent to him by certified mail.)
We conclude that appellant had a right to rely on the last notice, that of October 19, 1976, and that, in the state of this record, as hereinabove set forth, the instruction attacked in this assignment was not based on the evidence, and that the duty did not devolve upon appellant to prove that the amount received at the sale, was not the vehicle's fair market value. We conclude, instead, that the burden was upon appellee to prove that fair market value was received, and to prove that appellee pursued reasonable commercial practices in disposing of the vehicle.
Walker v. V.M. Box Motor Company, Inc., 325 So.2d 905 (Miss. 1976), involved a repossessed vehicle which appellee there disposed of at a private sale, with no notice to appellant. We said:
... failure to give the required statutory notice imposes upon the creditor the burden of establishing by proof that the sale was made in conformity with "reasonable commercial practices," as required by Mississippi Code Annotated, section 75-9-507(2) (1972). The creditor in such case also must assume the burden of establishing by proof that the sum received for the chattel represented its fair market value.
(325 So.2d at 906).
Fair market value having been put in issue, the jury should have rendered its verdict under proper instructions and the instruction complained of in this assignment did not afford it correct guidance.
(Lack of fair market value was made an affirmative issue in appellant's answer, but we do not think, because it was affirmatively pleaded, that the burden fixed on appellee shifted to, and was assumed by, appellant.)
The final assignment of error is that the court should have denied the instruction that the notice to appellant of the post-repossession sale of the vehicle could be either verbal or in writing. The attacked instruction reads as follows:
The Court instructs the jury that if you find from a preponderance of the evidence in this case that The Mississippi Bank & Trust Co., in disposing of the repossessed automobile, did so in a commercially reasonable manner after having given reasonable notice to defendant either verbally or in writing of the time after which the vehicle would be sold at a private sale, and that the sum received for the vehicle represented its fair market value, it is your sworn duty to return a verdict for the plaintiff and counter-defendant, The Mississippi Bank & Trust Co., for the amount of the deficiency balance, if any, which resulted from the sale. (Emphasis added).
The parties are in disagreement as to whether appellant had oral notice of the intended sale, and the testimony is inconclusive one way or the other. At any rate, the last attempted notice in the record was the written one dated October 19, 1976. On this record, it was error to instruct the jury that if it found reasonable verbal or written notice had been given defendant-appellant then that notice was sufficient.
Mississippi Code Annotated, section 75-9-504(3) (1972), in pertinent detail quoted hereinabove, indicates that the notification of the time after which the sale is to take *238 place "shall be sent by the secured party to the debtor." (Emphasis added).
Section 75-1-201 containing general definitions applicable to the Uniform Commercial Code provides:
Subject to additional definitions contained in the subsequent chapters of this code which are applicable to specific chapters or parts thereof, and unless the context otherwise requires, in this code:
* * * * * *
(38) "Send" in connection with any writing or notice means to deposit in the mail or deliver for transmission by any other usual means of communication with postage or cost of transmission provided for and properly addressed and in the case of an instrument to an address specified thereon or otherwise agreed, or if there be none to any address reasonable under the circumstances. The receipt of any writing or notice within the time at which it would have arrived if properly sent has the effect of a proper sending.
The parties are in agreement that the courts of the land vary in their holdings as to whether the notice required in cases such as here may be verbal or must be in writing. As examples, verbal notice is held sufficient in the cases of Bondurant v. Beard Equipment Co., 345 So.2d 806 (Fla. Dist. Ct. App., 1977); Crest Investment Trust, Inc. v. Alatzas, 264 Md. 571, 287 A.2d 261 (1972), Fairchild v. Williams Feed, Inc., 169 Mont. 18, 544 P.2d 1216 (1976); A.J. Armstrong Co., Inc., v. Janburt Embroidery Corp., 97 N.J. Super. 246, 234 A.2d 737 (Super.Ct. of N.J., 1967); and Chase Manhattan Bank v. Natarelli, 93 Misc.2d 78, 401 N.Y.S.2d 404 (Sup.Ct. Monroe Co., 1977). On the other hand, written notice is required in DeLay First National Bank and Trust Co. v. Jacobson Appliance Co., 196 Neb. 398, 243 N.W.2d 745 (1976); and Foundation Discounts, Inc. v. Serna, 81 N.M. 474, 468 P.2d 875 (1970).
It is our view that the verbiage "sent" and the definition of "send" noticed hereinabove require that the notification be in writing, and for the reasoning contained in DeLay First National Bank and Trust Co., supra:
... The requirement of a written notice eliminates all possibility of dispute as to whether a notice was actually given. It also establishes what notice was given. (243 N.W.2d at 749).
If notice in writing is personally delivered to the debtor, or if it is sent by mail to the debtor's address (whether actually received by the debtor or not), such personal delivery or sending by mail will satisfy the requirement of notice as far as the contents of the notice are concerned.
For the reasons herein set forth, the jury verdict and judgment thereon are reversed and the cause is remanded for a new trial on the declaration and the counterclaim.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.