No. 93-171

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994


DANIEL RAY SCHULKE,

      Plaintiff and Respondent,

  v.

DENNIS GEMAR,

      Defendant and Respondent,

  and

GERALD E. GONSER a/k/a JERRY GONSER,

      Defendant and Appellant.


APPEAL FROM:    District Court of the Eighth Judicial District,
               In and for the County of Cascade,
               The Honorable Thomas M. McKittrick, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Patrick F. Flaherty, Attorney at Law,
          Great Falls, Montana

      For Respondents:

          Art Tadewaldt, Attorney at Law,
          Great Falls, Montana (for Schulke)

          Allin H. Cheetham, Attorney at Law,
          Fort Benton, Montana (for Gemar)

FILED

MAR 22 1994

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA



Clerk

Submitted on Briefs:  March 3, 1994

Decided:  March 22, 1994

Justice Terry N. Trieweiler delivered the opinion of the Court.

Plaintiff Daniel Ray Schulke commenced this action in the District Court for the Eighth Judicial District in Cascade County to obtain legal title to a boat purchased from defendant Dennis Gemar. Gemar acquired possession of the boat as collateral for a loan to the other defendant, Gerald Gonser. The District Court awarded title to Schulke and attorney fees to Gemar. Gonser appeals.

We affirm in part and reverse in part.

The following issues are raised on appeal:

1. Did the District Court err when it rejected Gonser's proposed jury instructions pertaining to the legal requirements for the sale of boats and the tort of conversion?

2. Did the District Court err when it denied Gonser's motion for judgment notwithstanding the verdict?

3. Did the District Court err when it ordered Gonser to pay Gemar's attorney fees pursuant to § 30-g-511, MCA?

This litigation arises out of a $300 loan between friends. In January 1989, Gonser borrowed $300 from Gemar. As security for the loan, Gonser delivered possession of his jet boat to Gemar. No promissory notes were signed, and no title to the boat was transferred.

When the loan was not repaid after Gemar made several verbal demands to Gonser, he sold the boat to Schulke in March 1990 for $1400 at a private sale without public notice. Gonser alleged that

2

he had no warning of Gemar's intent to sell the boat and that the boat was worth in excess of $4600 at the time it was sold.

Because Gemar could not transfer title of the boat to Schulke at the time of the sale, Schulke filed an action on July 31, 1990, in which Gemar and Gonser were named as defendants and in which he asked the court to order that he be issued a certificate of ownership. Gonser subsequently filed a counterclaim and cross-claim against Schulke and Gemar in which he sought return of the boat and damages for the alleged unlawful conversion of the boat.

A jury trial was held on June 1-2, 1992. The jury determined that Gemar had given Gonser notice of default and his intent to sell the collateral if the loan was not repaid. The jury further determined that the sale of the boat to Schulke for $1400 was done in a commercially reasonable manner. Therefore, the jury awarded possession of the boat to Schulke, $300 of the sale proceeds to Gemar, and the remaining sale proceeds in the amount of $1100 to Gonser.

The District Court entered judgment consistent with the jury verdict. However, the court also awarded Gemar $3693.75 as attorney fees pursuant to § 30-g-511, MCA. Gonser's motion for judgment notwithstanding the verdict was denied. From this judgment, Gonser appeals.

3

## ISSUE 1

Did the District Court err when it rejected **Gonser's** proposed jury instructions pertaining to the legal requirements for the sale of boats and the tort of conversion?

Gonser offered proposed instructions numbered 13, 14, 15, and 21 which described the legal requirements for transferring an interest in a boat. Because these instructions were not given, Gonser contends that he was denied the opportunity to present an important part of his theory of the case to the jury, and was not able to show all the reasons why the sale of the boat was commercially unreasonable. Gonser further contends that **Gemar's** sale of the boat without his knowledge or permission was a clear case of conversion, and that the court committed reversible error when it refused his proposed instructions numbered 10 and 11 which would have presented this claim to the jury.

When we review a district court's refusal to give an offered jury instruction, the following rules apply:

> It is not reversible error for a trial court to refuse an offered instruction unless such refusal affects the substantial rights of the party proposing the instruction, thereby prejudicing him.

> A party is not prejudiced by a refusal of his proposed instructions where the subject matter of the instruction is not applicable to the pleadings and facts, or not supported by the evidence introduced at trial, or the subject matter is adequately covered by other instructions submitted to the jury. [Citations omitted.]

4

*Cottrell v. Burlington Northern* (Mont. 1993), 863 P.2d 381, 387, 50 St. Rep. 1323, 1327.

In this case, the substance of Gonser's proposed instructions pertaining to the sale of boats were covered in other instructions given by the District Court. The jury was advised of the pertinent statutes in a four-page instruction.

Furthermore, with respect to the proposed instructions on the tort of conversion, it was undisputed that Gonser had delivered the collateral to Gemar as security for repayment of a loan, and therefore, Gemar was in lawful possession of the collateral. At the time the boat was sold, Gonser did not have a right of possession which, according to his own proposed instruction, is an essential element to prove the tort of conversion. Therefore, we conclude that a claim of unlawful conversion was not supported by the evidence presented at trial.

We hold that Gonser's substantial rights were not affected by the District Court's refusal to give his proposed jury instructions.

ISSUE 2

Did the District Court err when it denied Gonser's motion for judgment notwithstanding the verdict?

Gonser claims that Gemar's notice of resale, given informally in a bar when Gonser was drinking, was not sufficient under the Uniform Commercial Code, and that the subsequent sale was

5

commercially unreasonable as a matter of law. Therefore, he contends judgment should have been entered in his favor and it was error for the court to deny his motion for judgment notwithstanding the verdict.

We disagree with the contention that the verbal notice of the sale given to Gonser was insufficient as a matter of law. In *Fairchild v. Williams Feed, Inc.* (1976), 169 Mont. 18, 23, 544 P.2d 1216, 1219, we held that "oral notice [of an intent to sell collateral] is sufficient to meet the requirements of Uniform Commercial Code, § 9-504(3)." In *Fairchild,* 544 P.2d at 1218, we reasoned that notice is sufficient if the recipient is allowed adequate time to take steps to protect his interest in the collateral. This question, as well as the commercial reasonableness of a sale, are questions of fact properly determined by a jury.

In this instance, the jury heard conflicting evidence regarding the demands Gemar allegedly made for repayment of the loan, and whether Gemar reasonably warned Gonser that he intended to sell the collateral to satisfy the debt. The jury concluded that Gemar had given Gonser adequate notice of default and his intent to sell the collateral if the loan was not repaid. The jury also concluded that the sale of the boat to Schulke for $1400 was done in a commercially reasonable manner.

It is not the function of this Court to agree or disagree with a jury's verdict. *Arnold v. Boise Cascade Corporation* (1993), 259 Mont.

259, 856 P.2d 217. This Court's role is to determine whether there was substantial evidence to support the verdict. *Arnold*, 856 P.2d at 220. If conflicting evidence exists, we do not retry a case because the jury chose to believe one party over another. *Simchuk v. Angel Island Community Association* (1992), 253 Mont. 221, 833 P.2d 158.

Here, the jury resolved the conflicting evidence in favor of Gemar. Because the record contains adequate evidence to support this determination, we will not disturb this verdict. We conclude that the court did not err when it denied Gonser's motion for judgment notwithstanding the verdict.

## ISSUE 3

Did the **District** Court err when it ordered Gonser to pay Gemar's attorney fees pursuant to § 30-g-511, MCA?

Gonser correctly points out that attorney fees were awarded pursuant to § 30-g-511, MCA, which allows recovery of reasonable attorney fees in an action to foreclose a security interest in personal property. The record supports Gonser's contention that this was not such an action. There were no claims raised regarding foreclosure of a security interest, and in fact, Gemar had already foreclosed on his interest by selling the boat in satisfaction of Gonser's obligation.

We conclude that attorney fees were improperly awarded pursuant to § 30-g-511, MCA.

The judgment of the District Court with respect to the award of attorney fees to Gemar is reversed and vacated. In all other respects, we affirm the judgment of the District Court.

_____
                                  Justice

We concur:

_____
            Chief Justice

_____

_____

_____
        Justices

March 22, 1994

CERTIFICATE OF SERVICE

I hereby certify that tbe following certified order was sent by United States mail, prepaid, to the following named:

Patrick F. Flaherty
Attorney at Law
625 Central Ave. W., #101
Great Falls, MT 59404

Allin H. Cheetham
Attorney at Law
P.O. Box 112
Fort Benton, MT 59442

Art Tadewaldt
Attorney at Law
P.O. Box 587
Great Falls, MT 59403

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy